**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| JEANETTE FRENCH, pro se, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:25-cv-989-PTG/WEF |
| | ) |
| NV RIDES, et al., | ) |
| | ) |
|     Defendants. | ) |

**ANSWER TO AMENDED COMPLAINT**

Defendants Tony Wonkovich, Selmetria Quarles and Barbara Gatorian ("Defendants"), by counsel, hereby respond to the Amended Complaint filed by pro se plaintiff Jeanette French ("French"), and state as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted. Defendants adopt and incorporate their Motion to Dismiss as if fully set forth herein.

**SECOND DEFENSE**

French's claims are barred by the applicable statutes of limitation.

**THIRD DEFENSE**

French's claims are barred by the defense of charitable immunity.

**FOURTH DEFENSE**

Defendants are immune from liability as volunteers for a nonprofit entity.

**FIFTH DEFENSE**

French's claims are barred by her own contributory negligence.

### SIXTH DEFENSE

French's claims are barred in that plaintiff's damages, if any, were not the result of any act or omission by defendants.

### SEVENTH DEFENSE

French's claimed injuries and damages, if any, were not proximately caused by defendants.

### EIGHTH DEFENSE

The alleged acts of defendants do not rise to the level required to support a claim for punitive damages.

### NINTH DEFENSE

Defendants reserve the right to plead and prove additional defenses as facts are developed in discovery.

### TENTH DEFENSE

Answering specifically the numbered paragraphs of the Amended Complaint, defendants state:

#### Introductory Paragraph

The Amended Complaint, which consists of 162 pages, clearly violates the Rule for pleading under Fed. R. Civ. P. 8(a) which calls for "a short and plain statement of the claim" showing that French is entitled to relief. In fact, it is difficult to decipher her pleading as various claims are repeated and restated under differing theories of liability. The allegations in the Amended Complaint are not organized in separate paragraphs for Defendants to admit or deny. Except for the allegations specifically admitted herein, defendants deny any and all allegations against them by French. To the extent possible, defendants state the following in answer to the rambling and repetitive allegations:

1. Defendants deny generally the jurisdictional allegations (Am. Compl. ECF 26, pp. 4-7, 10-11).

2. Defendants deny generally that French is entitled to damages under any theory in her Amended Complaint (Am. Compl. ECF 26, p. 8-9).

3. Defendants deny entering into any type of enforceable contract with French (Am. Compl., ECF 26, pp.12, 21).

4. Defendants admit that French first called for a free ride in October 2023 (Am. Compl. ECF 26, pp. 12, 21).

5. Defendants admit that French called for a free ride on August 23, 2024 (Am. Compl. ECF 26, pp. 12, 21).

6. Defendants deny any knowledge of French's alleged disability (Am. Compl. ECF 26, pp. 12, 21; 26-13).

7. Defendants deny the allegations and characterization of a phone conversation with defendant Tony Wonkovich (Am. Compl. ECF 26, pp. 12, 21-22, 60).

8. Defendants deny the allegations and characterization regarding defendant Selmetria Quarles related to a phone conversation with defendant Tony Wonkovich (Am. Compl. ECF 26, pp. 13, 22, 53, 60).

9. Defendants deny the allegations and characterization of a phone conversation with defendant Selmetria Quarles on August 27, 2024 (Am. Compl. ECF 26, pp. 13, 22, 53, 60).

10. Defendants lack sufficient knowledge or information to admit or deny allegations regarding NV Rides, Emily Braley, Jeff Dannick or Pozez Jewish Community Center (Am. Compl. ECF 26, pp. 13-14, 22, 24).

11.    Defendants lack sufficient knowledge or information to admit or deny the allegations that French filed complaints with various agencies (Am. Compl., ECF 26, p. 24, Exs. E, G to Am. Compl.).

12.    Defendants admit that defendant Barbara Gatorian sent a letter to French dated September 9, 2025 explaining the change in policy regarding rides to certain locations, and assert that the letter speaks for itself (Am. Compl. ECF 26, pp. 14, 23; Ex. A to Am. Compl.).

13.    Defendants deny the claims for "wrongful dismissal"; breach of contract; privacy violations; "misuse of federal funds"; "denied services"; "negligent supervision"; "less favorable services"; "appropriate services"; "prove discrimination of…"; "notarized false statement"; "intentional discrimination of …"; conspiracy and "retaliatory" conduct as alleged (Am. Compl. ECF 26, p. 16, 27-60).

14.    Defendants deny the allegations under Count I for discrimination (Am. Compl. ECF 26, p. 17).

15.    Defendants deny the allegations under Count II for retaliation (Am. Compl. ECF 26, p. 17).

16.    Defendants deny the allegations under Count III for intentional infliction of emotional distress (Am. Compl. ECF 26, p. 17-18).

17.    Defendants deny the allegations under Count IV for fraudulent misrepresentation (Am. Compl. ECF 26, p. 18).

18.    Defendants deny the allegations under Count V for civil conspiracy (Am. Compl. ECF 26, p. 18-19).

19.  Defendants deny the allegations under Count VI for negligent supervision (Am. Compl. ECF 26, p. 19).

20.  Defendants deny the allegations under Count VII for privacy violations (Am. Compl. ECF 26, p. 19).

21.  Defendants deny the allegations under Count VIII for breach of contract (Am. Compl. ECF 26, p. 19-20).

22.  Defendants deny the allegations under Count IX for less favorable treatment (Am. Compl. ECF 26, p. 20).

23.  Defendants deny the allegations under Count X for misuse of federal funding (false claims act) (Am. Compl. ECF 26, p. 20).

24.  Defendants deny that French is entitled to any of the compensatory or punitive damages claimed (Am. Compl. ECF 26, pp. 153-162).

WHEREFORE, defendants Tony Wonkovich, Selmetria Quarles and Barbara Gatorian, having responded to plaintiff Jeanette French's Amended Complaint, respectfully request that this case be dismissed with prejudice with an award of their costs expended in defense of this matter, including reasonable attorneys' fees.

**TONY WONKOVICH,**
**SELMETRIA QUARLES and**
**BARBARA GATORIAN**

By:    /s/ David D. Hudgins
       Counsel

David D. Hudgins, Esquire; VA Bar No. 20602
HUDGINS LAW FIRM, P.C.
2331 Mill Road, Suite 100
Alexandria, Virginia  22314
(703) 739-3300
dhudgins@hudginslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, and mailed, postage prepaid, to:

Jeanette French, pro se
9001 Giltinan Court
Springfield, VA 22153
Widdle9876@gmail.com

NV Rides
8900 Little River Turnpike
Fairfax, VA 22031

Jeff Dannick
NV Rides
8900 Little River Turnpike
Fairfax, VA 22031

Elena Alergant
NV Rides
8900 Little River Turnpike
Fairfax, VA 22031

Emily Braley
Pozez JCC
8900 Little River Turnpike
Fairfax, VA 22031

/s/ David D. Hudgins